FILED
2014 Oct-09  PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| LISA MARIE SEKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 6:13-CV-01885-LSC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF OPINION

I.     Introduction

The plaintiff, Lisa Marie Sekel, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Ms. Sekel timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Sekel was forty-eight years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has a tenth grade education. (Tr. at 19, 21, 31, 155, 160, 189.) Her past work experiences include employment as a housekeeper, assembly worker, warehouse worker and sterilizer. (Tr. at 19, 58-63, 160, 171, 189.)

Ms. Sekel claims that she became disabled on January 19, 2005, due to heart problems, shoulder pain, neck pain, back pain, depression/anger issues, dizziness, and fatigue. (Tr. at 159.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Sekel meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 10, 12.) He further determined that Ms. Sekel has not engaged in substantial gainful activity since the alleged onset of her disability. (Tr. at 12.) According to the ALJ, Plaintiff's degenerative disc disease, left shoulder

pain, carpal tunnel syndrome and tachycardia are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 13.) The ALJ did not find Ms. Sekel's allegations to be totally credible, and he determined that she has the following RFC: light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except no lifting over 10 pounds; no forceful gripping work bilaterally; no repetitive but frequent manipulative work bilaterally; and no work at unprotected heights, around dangerous machinery, and around open flames or bodies of water. (*Id.*)

According to the ALJ, Ms. Sekel is unable to perform any of her past relevant work, she is a "younger individual," and she has a "limited education," as those terms are defined by the regulations. (Tr. at 19.) He determined that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (*Id.*) Even though Plaintiff cannot perform the full range of light work, the ALJ used Medical-Vocational Rule 202.18 as a guideline for finding that there are a significant number of jobs in the national economy that she is capable of performing, such as arcade attendant, parking

lot attendant, and usher. (*Id.*) The ALJ concluded his findings by stating that Plaintiff

"has not been under a disability, as defined in the Social Security Act, from January

19, 2005, through the date of this decision." (*Id.*)

II.   Standard of Review

        This Court's role in reviewing claims brought under the Social Security Act is

a narrow one. The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the

Commissioner, and (2) whether the correct legal standards were applied. *See*

*Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d

1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the

Commissioner with deference, but applies close scrutiny to the legal conclusions. *See*

*Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts,

weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The

substantial evidence standard permits administrative decision makers to act with

considerable latitude, and 'the possibility of drawing two inconsistent conclusions

from the evidence does not prevent an administrative agency's finding from being

supported by substantial evidence.' " *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir.

1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607,

620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Ms. Sekel alleges that the ALJ's decision should be reversed and remanded because the ALJ did not properly assess the credibility of her testimony in accordance with the Eleventh Circuit's "pain standard." (Doc. 7 at 5.) In particular, Ms. Sekel asserts that the ALJ's evaluation of her subjective complaints was improper and that the ALJ's conclusions are "not supported by substantial evidence and inconsistent with applicable law." (*Id.* at 4.)

Disability benefits may not be paid solely on the basis of a claimant's own self-serving complaints. *See* 42 U.S.C § 423(d)(5)(A). However, subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if

it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). To establish disability based upon pain and other subjective symptoms, " [t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

The ALJ is permitted to discredit the plaintiff's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) (" [T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). Although the Eleventh Circuit does not require explicit findings as to credibility, " 'the implication must be obvious to the reviewing court.' " *Dyer*, 395 F.3d at 1210 (*quoting Foote*, 67 F.3d at 1562). " [P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but the determination cannot be a

" broad rejection which is 'not enough to enable [a reviewing court] to conclude that [the ALJ] considered her medical condition as a whole.' " *Id.* (internal quotations omitted).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some symptoms. (Tr. at 15.) However, the ALJ also found that " the claimant's statements . . . concerning the intensity, persistence, and limiting effects of those symptoms are not fully credible to the extent they are inconsistent with the above residual functional capacity assessment." (*Id.*) The ALJ discredited Plaintiff's subjective complaints because no treating or examining physician reported the existence of limitations as severe as Plaintiff alleged and because Plaintiff's complaints were inconsistent with her reported daily activities. (Tr. at 18-19, 52.)

Plaintiff argues that the ALJ disregarded substantial medical evidence and substituted in its place his own medical opinion. (Doc. 7 at 12.) When discrediting a plaintiff's subjective pain testimony, it is required " that such articulation or reasons by the Secretary be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). The record supports the ALJ's conclusion regarding Plaintiff's credibility. Contrary to Plaintiff's allegations, the ALJ relied heavily on the evidence

in the record, including Plaintiff's objective medical history, treatment notes from physicians and her testimony regarding her daily activities, when assessing her subjective complaints of disabling pain. (Tr. at 13-19.)

Ms. Sekel first challenges the ALJ's consideration that her medications were effective in controlling her symptoms. (Tr. at 18; Doc. 7 at 11.) The ALJ appropriately took Plaintiff's medical regimen into account when making his decision because improvement of pain while on medication can suggest that a plaintiff's pain allegations are not credible. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling."); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that a symptom reasonably controlled by medication or treatment is not disabling).

Here, Ms. Sekel testified that she "cannot control her heart rate despite taking medication for the past year and a half." (Tr. at 43-44.) In the ALJ's decision, he relied on evidence from Ms. Sekel's cardiologist indicating that the medication regimen for Ms. Sekel's tachycardia was effective. (Tr. at 18, 388.) Specifically, Ms. Sekel's cardiologist noted that although her condition will persist, her "symptoms can be controlled with medication granted the regimen is complied with." (*Id.*) The ALJ also considered the adjustments the cardiologist made to Ms. Sekel's medication for

tachycardia. (Tr. at 16-17, 280-81, 398-99.) The plaintiff cites several pieces of medical evidence in the record regarding her degenerative disc and shoulder impairment to support her claim that the medications were not effective. (Doc. 7 at 11.) However, the ALJ's reliance on the effectiveness of Ms. Sekel's medication referred only to the effectiveness on the tachycardia, not her other impairments. (Tr. at 18-19.) Thus, the ALJ appropriately considered the cardiologist's determination of the effectiveness of Ms. Sekel's heart rate medication in discrediting Plaintiff's allegations regarding controlling her heart rate.  (Tr. at 18-19.)

Secondly, Ms. Sekel challenges the ALJ's reliance on her daily activities in discrediting her subjective pain testimony. (Doc. 7 at 12-13.) Although the ALJ cannot use daily activities alone to determine whether a plaintiff is disabled, the ALJ may consider a plaintiff's activities, to make a finding regarding credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) ("Factors relevant to your symptoms, such as pain, which we will consider include: (i) Your daily activities . . . ."); *see also Dyer*, 395 F.3d at 1210 (holding that using a plaintiff's activities as grounds for discrediting his claim of disability is permissible so long as other medical evidence is also considered).

According to the ALJ, Ms. Sekel described activities of her daily life that were "not limited to the extent one would expect, given [her] complaints of disabling

symptoms and limitations." (Tr. at 18.) These activities include the ability to cook meals, walk the property with her dog, water the horses, and do laundry on a daily basis. (Tr. at 14, 181-183.) The ALJ also noted her ability to shop weekly for groceries, manage the family finances, work puzzles, do household chores, and spend time with her family daily. (Tr. at 14, 184-85.) Plaintiff contends that these activities were of short duration, which should not disqualify her for a finding of disability. (Tr. at 14, 40-41; Doc. 7 at 12.) However, while evidence of her daily activities does not " necessarily disqualify the claimant from disability, [*Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)] that does not mean it is improper for the ALJ to consider the claimant's daily activities at all." *Hoffman v. Astrue*, 259 F. App'x 213, 219 (11th Cir. 2007). The ALJ appropriately considered Plaintiff's daily activities in discrediting her allegations of disabling pain.

Most importantly, the ALJ also considered the treatment records of Plaintiff's physicians in finding her testimony not totally credible, reasoning that " one might expect to see some indication in the treatment records of restrictions placed on [Plaintiff] by the treating doctor" and that " a review of the record in this case reveals no restrictions recommended by any treating doctor." (Tr. at 18-19.) The ALJ also stated that the consultative examiner " did not opine any work related functional

limitations for [Plaintiff]."  (Tr. at 19.)  Indeed, Ms. Sekel's treating physician, an orthopedic surgeon, Dr. Tushar Doshi, M.D., diagnosed Plaintiff with "lumbar spine strain/sprain syndrome and left shoulder impingement syndrome, subacromial bursitis and supraspinatus tendinitis."  (Tr. at 15, 219-235.) As a result of those injuries, Ms. Sekel sought the help of orthopedic surgeons Dr. Jeffrey S. Cumoa, M.D. and Dr. Mark Prevost, M.D. (Tr. at 15, 326-28.) The ALJ also considered the opinion of the consultative examiner, Dr. Syed Bilal Ahmed-Bhat, M.D. (Tr. at 17-18, 388.)  As noted by the ALJ, none of the aforementioned doctors recommended any work-related limitations or restrictions. (Tr. at 15, 19.) Therefore, the treatment records do not reflect Ms. Sekel's allegations of disabling symptoms and debilitating pain. (Tr. at 18; Doc. 7 at 10.)  Ms. Sekel does not dispute that none of her treating sources placed restrictions on her or that the consultative examiner did not assign any functional limitations.  Rather, she argues that the ALJ is "attempting to play doctor" by making independent findings. (Doc. 7 at 13.) Contrary to Plaintiff's argument, the ALJ appropriately relied upon the objective medical records and reports of the Plaintiff's treating and examining physicians in discrediting her allegations of disabling pain. (Tr. at 15-19.)

Finally, in support for her position that she experiences disabling pain, Plaintiff

focuses on MRI findings of her lumbar spine and cervical spine from 2005 and 2011. (Doc. 7 at 7, 9-11 (citing tr. 227, 231-32, 234, 327-28)). However, the ALJ considered these MRI findings to reach his conclusion.  (Tr. 15-17).  While Plaintiff may believe that the MRI findings confirm her pain and symptoms of disabling severity, the doctors who evaluated these MRI findings did not confirm Plaintiff's belief.  (Tr. 227-28, 327).  In fact, Dr. Doshi, who reviewed the MRI findings in 2005, advised Plaintiff to " continue with present conservative measures including chiropractic care and physical therapy" (tr. at 228), and Dr.  Provost, who reviewed the MRI findings in 2011, indicated that Plaintiff had agreed to try epidural steroid injections " before doing anything more aggressive." (Tr. at 327).  Accordingly, even if the medical evidence cited by Plaintiff reflects that her impairments caused some symptoms or pain, she has not established that the ALJ's credibility finding is unsupported by substantial evidence.  *See generally Wilson*, 284 F.3d at 1221 (indicating that the court's task is to determine whether substantial evidence supports the ALJ's findings as to credibility and whether the ALJ followed the correct legal standards, not to decide whether the medical evidence shows that the plaintiff experiences some pain).

In sum, the objective medical and other evidence supports the ALJ's conclusion that Plaintiff's condition did not cause disabling limitations and instead shows that she

could perform a reduced range of light work. (Tr. at 19-20.) The ALJ's determination that Plaintiff's testimony of her disabling pain was not credible is supported by substantial evidence.

## IV.    Conclusion

Upon review of the administrative record, and considering all of Ms. Sekel's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 9<u>th</u> day of <u>October 2014</u>.

L. Scott Coogler
United States District Judge
[160704]